**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**DARRYL BRELAND**                                                                              **PLAINTIFF**

**VS.**                                                  **CIVIL ACTION NO.: 3:06CV176LS**

**AMERICAN & FOREIGN INSURANCE COMPANY;**
**ROYAL INDEMNITY COMPANY;**
**and JOHN DOES 1 THROUGH 3**                                           **DEFENDANTS**

**ORDER**

This matter came before the court on the Plaintiff's Motion to Compel Discovery Responses of Defendants American & Foreign Insurance Company and Royal Indemnity Company and the Plaintiff's Motion to Compel Discovery Responses of Subpoena Deponent, Robert Biggs. The first Motion refers the court to the Interrogatories and Requests for Production served by the Plaintiff, as well as the Defendant's responses, all of which are attached to the Motion. His argument in support of his Motion is this statement, "Said defendants objected, in a largely boiler-plate manner, and without legitimate grounds, to interrogatories numbered 4, 6, 8, 9, 11 and 12, and to requests for production numbered 2, 3, 10, 11, 13, 14, 15, 16, 17, 18, and 19." Unif. Local R. 37.1(B) requires that discovery motions quote verbatim each production request and response. The Rule also requires that the motion contain a specific argument pertaining to each request. The court has no intention of combing through the Plaintiff's attachments and determining what deficiency could possibly exist with regard to each discovery request at issue. Therefore, this Motion will be denied.

The second Motion, however, will be considered on its merits. The basis of this lawsuit is the Plaintiff's claim that the Defendants wrongfully failed to provide him a legal defense in a lawsuit brought in state court by Robin McGraw. McGraw is apparently a former business partner of the Plaintiff, and they both claim to be insured under a policy issued to their company. McGraw's suit

was filed on May 19, 2004, and, on August 18, 2004, Breland sought a defense from the Defendants. In response, on December 23, 2004, counsel for the Defendants sent a letter to the Plaintiff's attorney, offering to defend the lawsuit with a full reservation of rights. In particular, the letter noted that the Plaintiff had filed a counterclaim against McGraw and stated that the Defendants did "not feel it appropriate that you affirmatively pursue the counterclaim against Mrs. McGraw," refusing to provide resources to do so. However, they offered the Plaintiff the option of either dropping the counterclaim or hiring separate counsel to pursue it. The letter also noted that, pursuant to the terms of the policy, coverage for the allegations made in McGraw's complaint was "arguable." Ultimately, the Plaintiff never dismissed the counterclaim or hired separate counsel, and the Defendants have failed to reimburse him for his legal fees.

In response to this suit, the Defendants have denied liability and requested a declaratory judgment that there is no coverage. As grounds for this claim, the Defendants assert, *inter alia*, that the damages alleged by McGraw were not the result of acts covered by the policy, that the Plaintiff did not give timely notice of the lawsuit as required by the policy, that the Plaintiff is not a named insured, and that the acts alleged to have been committed were not done in the scope of business. Additionally, the Answer included this defense to the claim of bad faith: "Defendants were at all times acting in good faith and pursuant to advice of counsel with respect to their offer to defend under a full reservation of rights." The Plaintiff argues that the assertion of this defense, as well as the production of some attorney-client correspondence, has waived the privilege for any correspondence between the Defendants and their counsel about his claims.

The Plaintiff has served a subpoena on the Defendants' former counsel, Robert Biggs, seeking all of the documents in his possession that relate to the McGraw lawsuit. In response, the

Defendants produced some documents and served a privilege log, listing numerous documents withheld from discovery on grounds of attorney-client privilege. The Plaintiff argues that he is entitled to all of those documents, on grounds of waiver. The Plaintiff also argues that the production of a memorandum from attorney David Caldwell to Biggs, dated March 10, 2005, and having as its subject "Payment of pre-notice attorneys' fees" is a voluntary production of privileged information that waives the privilege as to all other such documents. The Defendants agree that there has been a waiver of the privilege, but argue that it is limited to the issue of their handling of the Plaintiff's claims for reimbursement that were submitted after they issued a reservation of rights letter.

The parties agree that Mississippi law controls the issue of privilege in this case, in which federal jurisdiction is premised on diversity of citizenship. Fed. R. Civ. P. 501. They also agree that Mississippi law recognizes that a party may waive the attorney-client privilege by voluntarily interjecting the substance of legal advice as an issue in a lawsuit. *Jackson Medical Clinic for Women v. Moore*, 836 So. 2d 767, 773 (Miss. 2003). Both sides recognize that such a waiver extends to all communications that relate to that advice, except those documents that were generated after this lawsuit was filed. The dispute between the parties can thus be characterized as a disagreement as to the scope of attorney-client communications that were made discoverable by the Defendants' assertion of the advice of attorney defense and production of the pre-notice coverage memo.

The Plaintiff argued in his Motion that the waiver extends to all communications concerning coverage, even to those that pre-date the reservations of rights letter. The Defendants responded that the waiver extends only to documents that relate to the "handling of invoices submitted to them for payment after the mailing of the reservations of rights letter . . ." They further argue that the

3

production of the Caldwell memo does not amount to a general waiver of the privilege because it only concerns the issue of whether the Defendants should have reimbursed the Plaintiff for legal fees incurred prior to the time that he notified the Defendants of the McGraw suit.  The Plaintiff has countered these contentions by asserting that the question of whether to pay his attorneys' fees is based on the duty to defend, which is based on the question of coverage, thereby making all of the documents discoverable.

The court is being asked to make this decision in a vacuum.  Without knowing the substance of the "advice of counsel" each time an invoice for attorneys' fees was submitted, the court cannot determine what subjects relate to that advice.  The pleadings submitted in conjunction with this Motion are not helpful on that issue, which must be determined before the court can form an opinion as to whether the general issue of coverage is related to that advice.  Therefore, the court is constrained to review the correspondence that **was** produced, then to conduct an *in camera* review of the documents withheld.  After that review, the court will make a determination as to the scope of discovery.

IT IS THEREFORE ORDERED that the Defendants shall submit to the court, on or before October 24, 2006, copies of all attorney-client communications that have been produced in this matter, as well as the documents listed on their privilege log that were prepared prior to the filing of this lawsuit.

IT IS SO ORDERED, this the 17th day of October, 2006.

                                                                  S/James C. Sumner
                                                       UNITED STATES MAGISTRATE JUDGE